WATERS, CAMDEN & Co. *v.* R. B. BRISCOE.

11 | 639
105 | 472

It is not necessary to add to the plea of usury that the obligation sought to be avoided was given in error. The policy of the law was intended to extend relief in cases where there was no error.

The fact that a party gave his promissory note for the balance due, as set forth in an account, does not operate as an estoppel to a subsequent inquiry into the correctness of the account. Such a doctrine would abolish all equitable defences upon promissory notes or upon accounts stated.

The defendant was entitled to the production of plaintiffs' accounts, or such of them as, in his opinion, might tend to establish his defence, subject to the plaintiff s' right to introduce all of his accounts having any bearing upon the matters in issue. ·

APPEAL from the District Court of the parish of Morehouse, *Richardson*, J. *Todd & Brigham*, for plaintiffs. *Newton & Hull*, for defendant and appellant.

SPOFFORD, J. In this case the appellee has moved for the dismissal of the appeal, on the ground that the record comes up without any evidence, statement of facts or assignment of errors.

The grounds upon which the defendant relies for a reversal of the judgment are apparent upon the face of the record, and the certificate of the Clerk states that the transcript contains all the evidence adduced on the trial. If those grounds are well taken, the appeal must be maintained.

The question may, therefore, be referred to the merits.

The defendant resists the payment of two promissory notes, on the ground that the consideration of said notes was illegal and usurious to the extent of about eight hundred dollars, having been given in liquidation of an account made up of usurious items amounting to that sum; and on the further ground that, for $225 of the principal sum for which said notes were given, there was no consideration, said sum being an overcharge for commissions not earned.

For the purpose of establishing the defence thus urged, the defendant propounded interrogatories to the plaintiffs, the answers to which might either have established or overthrown the defence. But the plaintiff objected to the interrogatories:

1st. On the ground that the credits claimed by the defendants were not specific in amount.

2d. That there is no allegation in the answer that the notes were given in error, or through ignorance of the facts as they existed.

3d. That the defendant, having assented to the charge of $225 contained in the account, by giving his notes, is estopped from inquiring into its correctness.

4th. Because the answer is confused and unintelligible.

These objections were maintained by the court, we think erroneously.

The credits claimed by the defendant are set forth in such manner as to give the plaintiff complete notice of the character of the defence, and of the extent to which his demand would be disputed. It is not necessary to add to the plea of usury that the obligation sought to be avoided was given in error. The policy of the law was intended to extend relief in cases where there is no error.

The fact that the defendant gave his promissory notes for the balance due, as set forth in the account, does not operate as an estoppel to a subsequent inquiry into the correctness of the account. Such a doctrine would abolish all equitable defences upon promissory notes or stated accounts.

Our attention has been directed to the ruling of the District Judge in refus-ing to order the production of extracts from the plaintiffs' books, showing the state of the accounts between the parties. The defendant was entitled to the production of the plaintiffs' accounts, or such of them as, in his opinion, might tend to establish his defence subject to the plaintiffs' right to introduce all of his accounts having any bearing upon the matters in issue.

By a reference to the pleadings, it appears that, after crediting the defendant with the amount of the effects claimed by him, there would still remain an indebtedness to the plaintiffs.

For this amount, at least, the plaintiffs are entitled to a judgment.

It is ordered, that the judgment appealed from be reversed; that the plain-tiffs, *Waters, Camden & Co.*, do have and recover of the defendant, *Robert B. Briscoe*, the sum of $715 31, with interest thereon at the rate of eight per centum per annum from the 23d day of May, 1854, till paid, less the sum of $500, with like interest from the 27th day of February, 1856. And it is further ordered, that as respects the remainder of the plaintiffs' demand, the case be remanded for further proceedings to be had therein according to law, in accordance with the principles announced in the opinion of this court. It is further ordered, that the costs in the District Court be paid by the defendant and appellant, and that the costs of the appeal be paid by the plaintiff and appellee.